UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| RAY WILLIAMS, | Case No. 23-CV-1044 (PJS/ECW) |
| Plaintiff, | |
| v. | ORDER |
| EQUITABLE FINANCIAL LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

Brenna Karrer and Zachary Schmoll, FIELDS LAW FIRM, for plaintiff.

Aimee I. Clare, Elizabeth G. Doolin, and Julie F. Wall, CHITTENDEN, MURDAY & NOVOTNY LLC, for defendant.

Plaintiff Ray Williams filed this lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), alleging that defendant Equitable Financial Life Insurance Company of America ("Equitable") wrongly denied his claim for long-term disability ("LTD") benefits under an employer-sponsored plan. Both parties moved for judgment on the administrative record. For the reasons that follow, the Court remands the case to Equitable with instructions to reopen the administrative record and reconsider Williams's claim.

I. BACKGROUND

Williams was a sales representative for Builders Equipment & Tool Company ("Builders"). While working at Builders, Williams was covered under an employer-

sponsored group disability plan that was funded and administered by Equitable. ECF No. 11 ¶¶ 3–5, 7.

In April 2019, Williams was in a motorcycle accident. AR 592. Williams returned to work after the accident, but stopped working in April 2021. *Id.* After exhausting short-term disability benefits, Williams submitted a claim for LTD benefits. AR 539–542. Equitable denied the claim on the ground that Williams was not disabled for purposes of the policy. AR 60–64.

Williams appealed the decision. AR 298–307. In the process of reviewing Williams's claim on appeal, Equitable submitted Williams's medical records for independent peer reviews from Dr. David Burke (a neurologist) and Dr. Charles Golden (a neuropsychologist). AR 175–190. Relying in part on these reviews, Equitable upheld its denial of Williams's claim. AR 75–79. This lawsuit followed.

## II. ANALYSIS

### A. Standard of Review

The parties move for judgment on the administrative record under Fed. R. Civ. P. 39(b) and 52(a)(1). In considering such a motion, the Court exercises its factfinding function and decides the case on the administrative record. *See Avenoso v. Reliance Standard Life Ins. Co.*, 19 F.4th 1020, 1026 (8th Cir. 2021).

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The parties agree that the standard of review in this case is de novo. Def. Mem. at 20, ECF No. 24.

### B. Benefits Claim

ERISA requires plan administrators to provide "a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2); *see also* 29 C.F.R. § 2560.503-1(h). As part of a full and fair review, Equitable was required to provide Williams with "any new or additional evidence considered, relied upon, or generated" by Equitable in connection with his claim—and to do so sufficiently in advance of its final decision to give Williams a "reasonable opportunity to respond prior to that date." 29 C.F.R. § 2560.503-1(h)(4)(i).

As noted, Equitable's final decision relied in part on Dr. Burke's and Dr. Golden's peer reviews. The parties dispute whether Equitable sent these reviews to Williams before issuing its final decision. On the one hand, Equitable contends that it sent the reviews, along with a cover letter, as attachments to a March 3, 2023, email to Williams's counsel. A copy of the email appears in the administrative record, but it does not identify the attached documents. *See* AR 237–259 (March 3 email with

attachments). On the other hand, Williams's counsel denies receiving the email and points out that Equitable's internal records do not appear to contain any evidence of this communication (even though they contain evidence of all other communications with her) and that at no other time did Equitable communicate with her directly via email. ECF No. 19 at 6–7; AR 80–150 (summary detail report of Williams's claim, including list of correspondence).

Although the issue is close, the Court will give the benefit of the doubt to Williams and find that he did not receive Dr. Burke's and Dr. Golden's peer reviews prior to Equitable's final decision denying his claim for benefits. The Court therefore remands Williams's claim to Equitable to permit Williams an opportunity to respond to Dr. Burke's and Dr. Golden's peer reviews and Equitable an opportunity to reconsider its decision in light of Williams's response.[1]  *See Brown v. J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079, 1087 (8th Cir. 2009) (appropriate remedy for violation of § 1133(2) was remand to insurer).

---

[1]The Court notes that Williams likely could have supplemented the administrative record in this proceeding with his response to the peer reviews. *See Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993) ("If it is necessary for adequate de novo review of the fiduciary's decision, the district court may allow the parties to introduce evidence in addition to that presented to the fiduciary."). Nevertheless, the Court finds that remand is preferable under the circumstances of this case. *See id.* (courts should avoid becoming "substitute plan administrators").

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion for judgment on the administrative record [ECF No. 18] is GRANTED IN PART.

2. Defendant's motion for judgment on the administrative record [ECF No. 23] is DENIED.

3. This matter is REMANDED to defendant Equitable Financial Life Insurance Company of America to permit plaintiff an opportunity to respond to the peer reviews by Drs. Burke and Golden and to provide defendant an opportunity to reconsider plaintiff's claim for long-term disability benefits.

4. The parties are directed to notify the Court within seven days after defendant renders a final decision on plaintiff's claim for long-term disability benefits.

Dated: July 2, 2024

s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court