UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RAY WILLIAMS,                                          Case No. 23-CV-1044 (PJS/ECW)

                        Plaintiff,

v.                                                               ORDER

EQUITABLE FINANCIAL LIFE
INSURANCE COMPANY OF
AMERICA,

                        Defendant.

Brenna Karrer and Zachary Schmoll, FIELDS LAW FIRM, for plaintiff.

Aimee I. Clare, Elizabeth G. Doolin, and Julie F. Wall, CHITTENDEN, MURDAY & NOVOTNY LLC, for defendant.

Plaintiff Ray Williams filed this lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), alleging that defendant Equitable Financial Life Insurance Company of America ("Equitable") wrongly denied his claim for long-term disability benefits.  Both parties moved for judgment on the administrative record.  The Court granted Williams's motion in part, remanding the case to Equitable with instructions to reopen the administrative record and reconsider Williams's claim.  *See* Order, ECF No. 37.  The primary purpose of the remand was to afford Williams an opportunity to respond to two peer reviews of his medical records

that he claims not to have received during the administrative proceedings.  *See id.* at 3–4.

This matter is now before the Court on Williams's motion for attorney's fees pursuant to 29 U.S.C. § 1132(g)(1).  For the reasons that follow, Williams's motion is denied.

In an ERISA enforcement action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. § 1132(g)(1).  To obtain attorney's fees under § 1132(g)(1), a claimant must establish "'some degree of success on the merits,'" *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010) (quoting *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983))—that is, success that is more than "trivial" and something other than "a purely procedural victory."  *Id.* at 255 (cleaned up).  If the claimant establishes "some degree of success on the merits," the court must then decide whether to exercise its discretion to award fees and costs, taking into account the following non-exclusive factors:  "(1) the degree of the opposing parties' culpability or bad faith; (2) the opposing parties' ability to satisfy an award; (3) deterrence of others in similar circumstances; (4) whether the requesting parties sought to benefit all participants and beneficiaries of an ERISA plan, or to resolve a significant legal ERISA question; and (5) the relative merits of the parties' positions." *Johnson v. Charps Welding & Fabricating, Inc.*, 950 F.3d 510, 525 (8th Cir. 2020).

Williams contends that his request for fees in this case is materially identical to the request addressed in *Lundgren v. Country Life Insurance Co.*, in which, after this Court remanded the case to the plan administrator, this Court found that the claimant was entitled to an award of attorney's fees under § 1132(g)(1). *See* No. 20-CV-2467 (PJS/KMM), 2021 WL 4705186, at *3–6 (D. Minn. Oct. 8, 2021). The Court disagrees, as *Lundgren* and this case differ in important respects.

Unlike in *Lundgren*, the Court in this case made no ruling (or even comment) on the merits of Williams's disability claim. Instead, the Court based its ruling entirely on Williams's contention that he had not received an opportunity to respond to two peer reviews during the administrative proceedings. Moreover, the Court was not confident that Williams's contention was true, but decided to give Williams the benefit of the doubt on a "close" issue. *See* ECF No. 37 at 4. It is difficult to imagine a more "purely procedural victory." *Hardt*, 560 U.S. at 255. If it were writing on a clean slate, the Court would end its analysis there.

That said, the Court recognizes that "[m]ost courts . . . have held that a remand to the plan administrator for review of a claimant's entitlement to benefits, even without guidance favoring an award of benefits . . . is sufficient success on the merits to establish eligibility for fees under section 1132(g)(1)." *Gross v. Sun Life Assurance Co. of Can.*, 763 F.3d 73, 77 (1st Cir. 2014) (collecting cases). The Court will therefore once again give

-3-

Williams the benefit of the doubt and regard him as having achieved "some degree of success on the merits."

Turning to the factors guiding the Court's discretion under § 1132(g)(1): Although Equitable has the ability to pay a fee award, Williams's disability claim will not benefit any plan participant other than Williams himself, nor will these proceedings resolve an important legal question.  Moreover, the Court has not offered any opinion on the merits of Williams's disability claim.  Finally, unlike in *Lundgren*, there is no reason to believe that the administrator behaved badly in this case.  As the Court has noted, there is substantial evidence to suggest that Equitable actually *did* comply with its obligation to disclose the peer reviews to Williams.  *See* ECF No. 37 at 3.  It appears that someone—either someone working for Equitable or someone working for Williams—simply made a clerical error.  And obviously, in the absence of any intentional wrongdoing, there is nothing to deter.  In sum, the guiding factors weigh strongly against awarding costs and fees under § 1132(g)(1).

Finally, even if the Court were inclined to award Williams his attorney's fees and costs, he has not submitted nearly enough evidence to allow the Court to determine the proper amount of such an award.  Williams has asked for $24,233 in attorney's fees and $514.07 in costs, but the only documentation he has provided in support of his request is a summary chart showing the rates charged by those who worked on his case and the

total number of hours expended by each timekeeper (along with an unexplained and unsupported amount for costs).  *See* ECF No. 39-1.  This is wholly insufficient, as it does not provide a sufficient basis for the Court to apply the lodestar method or to ferret out vague, duplicative, or unnecessary time entries.  *See Johnson*, 950 F.3d at 526 (explaining that courts may calculate fees by "multiplying the number of hours reasonably expended by the reasonable hourly rates," and affirming reduction of fee for time entries that were "duplicative" or "described too generally").  That said, Williams could not possibly have incurred over $24,000 in attorney's fees in arguing that he should have been given a chance to respond to two peer reviews.  The fees sought by Williams must have included time devoted to other issues—issues on which Williams has not been successful.

For these reasons, the Court denies Williams' request.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff Ray Williams's motion for attorney's fees [ECF No. 38] is DENIED.

Dated:  August 26, 2024

s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court

-5-